IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>        v.<br><br>RICARDO DEL VALLE-DÍAZ<br><br>    Defendant | CRIMINAL NO. 11-260 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court are Defendant Ricardo Del Valle-Díaz's ("Defendant") *Petition for Relief Pursuant to 18 U.S.C. § 3582(c)(A)(i) – "Extraordinary and Compelling Circumstances"* ("*Petition*") and *Supplemental Letter / Motion*. (Docket Nos. 81 and 84). For reasons set forth below, the Court **DENIES without prejudice** the pending motions.

On June 16, 2020, Defendant filed an administrative request for relief which was denied by the warden. (Docket Nos. 78 at 7; 78-1 at 1). On July 17, 2020 he filed an initial motion for compassionate release, followed by the Assistant Federal Public Defender's *Motion for Compassionate Release* filed on his behalf. (Docket Nos. 66 and 78). Therein he alleged he was at an increased risk of serious illness and dying from COVID-19 because he had a

history of debilitating migraines, thus compassionate release was proper. (Docket Nos. 66 at 4, 27; 78 at 10-11).

This Court denied his request for two reasons. First, because Defendant had failed to exhaust administrative remedies since at the time, the record was silent if he had appealed his denial. (Docket No. 80 at 1). Thus, he had not "fully exhaust[ed] all administrative rights to appeal" as required by 18 U.S.C. § 3582(c)(1)(A). Id. Second, even on the merits, his request failed to show "extraordinary and compelling circumstances" warranting release. Id. at 2. This because he had only provided medical records up to 2019, therefore this Court found that a 2019 medication plan addressing his migraines must have provided some form of relief. Id. at 3. This Court also held that migraines are not extraordinary circumstances warranting early release since the CDC does not list them as posing an increased risk of severe illness or death from contagion with COVID-19. Id. t 3-4. Hence, compassionate release was improper.

Alongside the pending *Petition*, Defendant filed a copy of his request for compassionate release dated June 2, 2020 and its denial dated June 22, 2020. (Docket Nos. 81-1 at 1-4; 87-2 at 1-2; 87-3). He also included a copy of his administrative appeal dated July 21, 2020 and its denial from January 6, 2021, after he filed his **first** request for compassionate release. (Docket No. 81-1 at 4-6). But, while Defendant might have exhausted administrative

remedies for his first request, he has not shown he has exhausted them for his **second** compassionate release motion. Courts within the First Circuit have found that a one-time compliance with the exhaustion requirement "does not carry forward in perpetuity to all [of defendant's] subsequent compassionate release motions." United States v. Cain, 2021 WL 388436, at *5 (D. Me. 2021) (emphasis added); United States v. Benoit, 2020 WL 6060885, at *2 (D. Me. 2020), report and recommendation adopted, 2020 WL 6487193 (D. Me. 2020); United States v. Amparo, 2020 WL 7130003, at *2 (D. Mass. 2020) (denying a second compassionate release motion with leave to renew given that defendant had not evinced he had filed a second petition for release with the warden before filing the motion). Thus, Defendant's *Petition* is untimely.

Even assuming he complied with the exhaustion requirement, the Court is not convinced he has shown extraordinary circumstances warranting early release. His first compassionate release motion argued several maladies, chief among them that he suffers from debilitating headaches, and how COVID-19 threatens inmate health. (Docket No. 66 and 78). Whereas his second motion does not mention health issues. (Docket No. 81). Instead, it restates how the Bureau of Prisons has addressed the COVID-19 pandemic, how being incarcerated increases the risk of getting COVID, that he has served about sixty-six percent of his sentence, and that his sister had a stroke on May 5, 2021 and he should be released to take care

of her. Id. These circumstances supposedly constitute compelling reasons justifying release. Id. The Court disagrees.

"[T]he mere existence of COVID 19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. De Jesus Negron, 498 F. Supp. 3d 275, 277 (D.P.R. 2020) (quoting United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). Further, **Defendant consented to being fully vaccinated against COVID-19**, having received the first dose of the Moderna vaccine on February 11, 2021 and the second dose on March 9, 2021. (Docket Nos. 87-4 at 1; 87-5 and 97-1). Other courts within the First Circuit have explained that "the Moderna vaccine is proven to be '94.1% effective at preventing laboratory-confirmed COVID-19 illness in people who received two doses who had no evidence of being previously infected.'" United States v. Beauregard, 2021 WL 2080019, at *8 (D. Me. 2021). Here, **there are no active cases of COVID-19 at FCI Jesup, where Defendant is being held**.[1] Likewise, courts have typically denied a defendant's motion for compassionate release when a defendant has received the COVID-19 vaccine. See United States v. Osorio, 2021 WL 3079865, at *2 (D.

---

[1] See Covid-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited on December 8, 2021).

Mass. 2021). (citation omitted); see also United States v. Adam A. Stone, 2021 WL 5146183, at *7 (D. Me. 2021) (collecting cases).

Along the same vein, while the Court is sympathetic to the fact that Defendant's sister allegedly suffered a stroke in May 2021 and needs a caregiver, Defendant has not shown he is her only available caregiver. Courts have explained that "[w]hile surely many inmates share the plight of having an incapacitated [family member] at home, the Sentencing Commission has made clear that courts ought consider that circumstance an 'extraordinary and compelling reason' for compassionate release only when the defendant is the 'only available caregiver' for him or her." United States v. Farah, 2021 WL 2073934, at *4 (D.N.H. 2021) (quotation omitted) (alteration in original). Given that Defendant has failed to evince as such here, the Court cannot consider this to justify his early release. Cf. United States v. Bucci, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding compelling reasons for compassionate release because, among other reasons, defendant had shown he was the only potential caregiver for his ailing mother).

Lastly, despite Defendant's rehabilitation efforts during his incarceration, the Court is not convinced he does not remain a danger to the community given the seriousness of his underlying offense. (Docket Nos. 81-1 at 7-15; 84). Defendant was charged with Sexual Exploitation of Minors in violation of 18 U.S.C. § 2252(a), which carries a mandatory 15-year minimum sentence.

(Docket Nos. 46; 51 at 5 and 8). Defendant, who was originally sentenced to a 210-month sentence (about seventeen and a half years) on May 9, 2012, is scheduled to be released on May 14, 2026 and eligible for home detention on November 14, 2025. (Docket Nos. 46; 87-1). **Releasing him now would amount to a reduction of over four years and five months, which would reduce his sentence to below the mandatory minimum.** *See e.g.*, United States v. Parshall, 2021 WL 4865591, at *4 (D. Minn. 2021) (denying a compassionate release motion in part because even though defendant had served over 67% of his sentence, his offense of exploitation of a minor carried a 15-year minimum and reducing his imprisonment term "would create sentence disparities and minimize the seriousness of his crime by reducing his sentence below the statutorily mandated minimum.") Hence, releasing him now would not properly reflect the seriousness of his offense or provide adequate deterrence to criminal conduct as required under 18 U.S.C. § 3553.

For the foregoing reasons, Defendant's *Petition for Relief Pursuant to 18 U.S.C. § 3582(c)(A)(i) – "Extraordinary and Compelling Circumstances"* and *Supplemental Letter / Motion* are **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of December 2021.

S/ RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE